IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-31181
Summary Calendar
_____


ERIC L. MOORE,

Plaintiff-Appellant,

versus

CHARLES W. HOPPER; DANIEL P. MERIAM;
STEPHEN W. PRATOR; CITY OF SHREVEPORT,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Western District of Louisiana
(USDC No. 97-CV-2104)

_____

August 11, 2000

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Eric Moore appeals the grant of summary judgment on his discrimination claim against

Charles Hopper, Daniel Meriam, Stephen Prator and the City of Shreveport, Louisiana. We

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affirm.

Moore has not submitted any competent evidence to establish a prima facie case of discriminatory treatment. Moore's summary judgment affidavits rely solely on conclusory statements that white officers received preferential treatment. None of the affidavits contain any testimony that would be admissible to establish differential treatment. Several of these affidavits contain stories that are not based upon personal knowledge and therefore are not competent evidence of the events described. The stories also do not relate differential treatment under nearly identical circumstances as required to establish differential treatment. Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1090 (5th Cir. 1995).

The only evidence submitted to establish discrimination are that: 1) Moore is black; 2) the events took place; 3) Moore thinks that Prator, Hopper and Meriam were motivated by racial animus; and 4) other black officers believe that white officers receive preferential treatment. This is simply not sufficient to create an inference of discrimination.

Only adverse employment actions can form the basis for a claim under Title VII and 42 U.S.C. § 1983. Under § 1983, an investigation, a change in hours, and a rescinded reprimand do not constitute adverse employment actions. Benningfield v. City of Houston, 157 F.3d 369, 376-7 (5th Cir. 1998). Because Moore's demotion was rescinded and his promotion to sergeant was granted with retroactive pay and seniority, there is no injury requiring judicial relief. Id. Title VII only addresses ultimate employment decisions, such as hiring, firing, granting leave, promotion and compensation. Mattern v. Eastman Kodak Co., 104 F.3d 702, 707-8 (5th Cir. 1997). Title VII does not provide a remedy for disciplinary filings or reprimands by supervisors. Id. The lack of adverse employment actions is fatal to most, if not all, of Moore's complaints.

The district court's ruling that these events do not constitute a continuing violation is not erroneous; therefore most of the events are subject to the defense of prescription, either under the Louisiana one year prescription for § 1983 claims or for the failure to file an EEOC complaint within 300 days for the Title VII claims. The continuing violation doctrine is an equitable exception to the statute of limitations that arises "where the unlawful employment practice manifests itself over time, rather than as a series of discrete acts." Waltman v. International Paper Co., 875 F.2d 468, 474 (5th Cir. 1989). To show a continuing violation, the plaintiff must "show an organized scheme leading to and including a present violation." Huckabay v. Moore, 142 F.3d 233, 239 (5th Cir. 1988). With the exception of the change in days off and the paddy wagon/curfew duty assignment, each of the events is a discrete act relating to a specific infraction by Moore. The only way to find an organized scheme is to assume a discriminatory motive, which is not supported by any competent evidence.

The only events which occurred within the prescription period were the rescinded demotion, the alleged use of expunged information and the order of a 90 day evaluation which never took place. As indicated above, none of these constitute an adverse employment action. AFFIRMED